UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE V.U., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) )   Case No. 1:22-cv-00897-TWP-KMB |
| KILOLO KIJAKAZI Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Plaintiff Michelle V.U.[1] ("Plaintiff") appeals the Administrative Law Judge's decision denying her application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. Pursuant to 28 U.S.C. § 636, the Court referred the matter to the Magistrate Judge (Filing No. 14), who submitted her Report and Recommendation on July 26, 2023, recommending that the decision of the Commissioner be affirmed (Filing No. 15). Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation (Filing No. 16). For the reasons set forth below, the Court **SUSTAINS in part** Plaintiff's objections and **REMANDS** the decision of the Commissioner.

**I.     BACKGROUND**

The procedural and factual background of this matter are detailed in the briefs and the Report and Recommendation, so the Court recites only those facts relevant to this opinion.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinions.

Plaintiff protectively filed her application for DIB and SSI on July 29, 2020, alleging August 30, 2019, as the disability onset date (Filing No. 7-4).  In her application, Plaintiff asserted the following impairments: obstructive sleep apnea, hypertension, hypothyroidism, pain/dysfunction in bilateral knees due to severe arthritis, bariatric surgery patient, acid reflux disease, high cholesterol, visual learner, migraines, anxiety, not sleeping, and chest pain.

Plaintiff's application was denied initially on December 23, 2020, and again on reconsideration on April 8, 2021 (Filing No. 7-5 at 7, 32).  Plaintiff timely requested a hearing on her application, which was held before Administrative Law Judge Shelette Veal ("the ALJ") on October 21, 2021, via telephone due to the COVID-19 pandemic.  The ALJ then issued a decision on November 1, 2021, denying Plaintiff's application, having determined that Plaintiff was not disabled (Filing No. 7-3 at 5).  Plaintiff sought review of the ALJ's decision by the Appeals Council.  On March 3, 2022, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review (Filing No. 7-2 at 18).

Plaintiff timely filed her Complaint with the Court on May 6, 2022, seeking judicial review of the Commissioner's decision (Filing No. 1). On April 6, 2023, this Court issued an order referring the matter to Magistrate Judge for a Report and Recommendation (Filing No. 14).  On July 26, 2023, the Magistrate Judge recommended that the Court adopt the decision of the ALJ and Commissioner (Filing No. 15).  Thereafter, on August 8, 2023, Plaintiff filed Objections to the Report and Recommendation, asserting that the Magistrate Judge did not address her arguments regarding legal errors in the ALJ's decision and either misunderstood or failed to address Plaintiff's argument that the decision was not supported by substantial evidence (Filing No. 16).

## II.     LEGAL STANDARD

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate her analysis of the evidence in her decision, and while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning … [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Federal Rule of Civil Procedure 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely objections have not been raised by a party." *Sweet v. Colvin*, No. 12-cv-439, 2013 WL 5487358, at *1 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009)).

3

### III. DISCUSSION

Plaintiff argues the Court should decline to adopt the Report and Recommendation and reverse the Commissioner's decision for four reasons. First, the ALJ purportedly committed several legal errors, regardless of whether the ALJ's decision was supported by substantial evidence. Second, the ALJ erred in weighing the opinion of Plaintiff's treating physician. Third, the Residual Functional Capacity ("RFC") determination is erroneous because it was made based on an improper assessment of Plaintiff's subjective symptoms and because the ALJ did not build an accurate and logical bridge between the evidence and her RFC determination. And fourth, the vocational expert's opinions were based on legally erroneous determinations made by the ALJ and are therefore inherently unreliable.

The Court agrees with Plaintiff's second argument—that the ALJ erred in weighing the opinion of Plaintiff's treating physician—and concludes that the Commissioner's decision should be remanded on that basis. Accordingly, the Court need only address Plaintiff's second argument in detail.

**A.    Error in Weighing Opinion of Plaintiff's Treating Physician**

Plaintiff argues the ALJ erred in weighing the opinion of her treating physician by focusing only on evidence inconsistent with the physician's opinion, and by failing to consider the physician and Plaintiff's treating relationship (Filing No. 16 at 6–9). An ALJ is required to evaluate all medical opinions on an equal basis for "persuasiveness". 20 C.F.R. § 404.1520c(a). ALJs are instructed to consider factors including whether the opinion is supported by objective medical evidence; the opinion's consistency with other evidence; the professional's relationship with the patient, including the length, frequency, purpose, and extent of treatment; and the professional's specialization. *Id.* § 404.1520c(c). The regulation expressly recognizes that "[a] medical source may have a better understanding of your impairment(s) if he or she examines you than if the

4

medical source only reviews evidence in your folder." *Id.* § 404.1520c(c)(3)(v). After considering the relevant factors, an ALJ must articulate how persuasive she finds each medical opinion in her decision. *Id.* § 404.1520c(b).

The most important factors ALJs will use in determining the persuasiveness of a medical opinion are supportability and consistency. *Id.* § 404.1520c(b)(2). How those factors were considered must be explained in the decision. *Id.* "Consistency" is compared "with the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 404.1520c(c)(2). "Supportability" considers the relevance of "the objective medical evidence and supporting explanations presented by a medical source." *Id.* § 404.1520c(c)(1). Explicit consideration of the remaining factors is permitted, but not always required, except upon a finding that "two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same." *Id.* §§ 404.1520c(b)(2)–(3). The remaining factors are the source's: (1) "[r]elationship with the claimant" including the "[l]ength of the treatment relationship," "[f]requency of examinations," "[p]urpose of the treatment relationship," "[e]xtent of the treatment relationship," and "[e]xamining relationship;" (2) "[s]pecialization;" and (3) "[o]ther factors," such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." *Id.* § 404.1520c(c)(3)-(5).

The ALJ addressed the opinion of Plaintiff's treating physician, Brian Patrick, M.D. ("Dr. Patrick"). The ALJ stated:

> Overall, while Dr. Patrick has had a treating relationship with the claimant, he ultimately provided an opinion inconsistent with the medical evidence of record, including his own treatment records. During primary care appointments, the claimant has had very few clinical deficits. She has been found to have arthritis in her knees, but she has been treated very conservatively. Throughout the majority of the relevant time period, she has exhibited a normal gait. Notably, during her April

> 2021 appointment, when she asked for disability paperwork to be filled out, Dr. Patrick stated that he would complete the forms indicating her "significant limitation due to the knee pain." However, upon examination, he only appreciated findings of tenderness and crepitus. He actually stated that her gait was normal, and she had full strength and normal sensation. Thus, the undersigned finds that this opinion is not very persuasive. Dr. Patrick ultimately relied too heavily on the claimant's subjective complaints of pain, rather than true objective findings.

(Filing No. 7-3 at 14) (internal citations omitted).

Plaintiff argues the ALJ erred by focusing on only evidence inconsistent with Dr. Patrick's opinion, and by failing to consider his treating relationship with Plaintiff. In response, the Commissioner asserts that the Magistrate Judge correctly concluded that Plaintiff's arguments merely "constitute a disagreement with how the ALJ weighed the evidence" (Filing No. 17 at 2 (quoting Filing No. 15 at 14)). The Court agrees with Plaintiff in part. The ALJ erred by ignoring evidence consistent with and supporting Dr. Patrick's opinion but did not err in failing to consider the treating relationship.

In discussing consistency, the ALJ cites the following evidence as inconsistent with Dr. Patrick's opinion: Plaintiff's "very conservative treatment," examination records noting a normal gait, and Dr. Patrick's notes from an April 2021 appointment in which "he only appreciated findings of tenderness and crepitus . . . stated that her gait was normal, and she had full strength and normal sensation" (Filing No. 7-3 at 14). Although an ALJ is not required to discuss every piece of evidence in the record, the ALJ may not ignore all evidence contrary to her conclusion about consistency. *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) (ALJ erred by ignoring line of contradictory of evidence); *Denton v. Astrue*, 596 F.3d at 425 (same); *Kelly K. v. Kijakazi*, No. 20-cv-78, 2022 WL 538561, at *2 (N.D. Ind. Feb. 23, 2022) (same).

Here, the ALJ improperly ignored all evidence consistent with Dr. Patrick's opinion. In one of the cited examination records noting a normal gait, for example, the examining physician also noted that Plaintiff's McMurray Test, which tests for a meniscus tear, and Patellar Grind Test,

6

which tests for the presence of patellofemoral joint disorder, yielded positive findings, yet the ALJ did not mention this evidence (Filing No. 7-14 at 18). The ALJ also did not consider other evidence that Plaintiff claims is consistent with Dr. Patrick's opinion, including findings of obesity, referrals to an orthopedic specialist, imagings documenting chondromalacia, and joint space narrowing in the knees (Filing No. 16 at 7). The ALJ erred by mentioning only a limited selection of medical evidence that is inconsistent with Dr. Patrick's opinion. *See Binkley H. v. Kijakazi*, No. 22-cv-1490, 2023 WL 5345048, at *7 (S.D. Ind. Aug. 21, 2023) (remanding decision because "the ALJ did not adequately explain why [the treating physician's] opinion is less persuasive than that of [the medical consultant]."); *Farmer M. v. Kijakazi*, No. 21-cv-137, 2022 WL 16918302, at *7 (S.D. Ind. Nov. 10, 2022) (finding ALJ erred in part by neglecting to "mention other relevant examination findings" and failing to "confront conflicting evidence" in evaluating consultative physician's opinion); *Lisa M. R. v. Kijakazi*, No. 21-cv-00148, 2022 WL 4298268, at *7 (S.D. Ind. Sept. 19, 2022) ("On the Court's review, the ALJ's conclusion that Ms. Blower's opinion is inconsistent with the record is based on a limited scope of the evidence at hand and demonstrates a misunderstanding of the episodic nature of Lisa's mental health disorders. . . The Court is not confident that the ALJ adequately addressed the consistency and the supportability of Ms. Blower's opinion and, therefore, this matter must be remanded for further consideration.").

The ALJ also did not discuss the supportability of Dr. Patrick's opinion. The ALJ concluded that Dr. Patrick "ultimately relied too heavily on the claimant's subjective complaints of pain, rather than true objective findings," but she fails to mention the objective findings Dr. Patrick cited as supporting his opinion, including "moderate to severe pain in both knees on palpation and with any movement," the fact that Plaintiff was "seeing an orthopedic specialist," her "severe pain on exams + abnormal imaging showin[g] osteoarthritis in her knees," and an MRI

7

of her right knee showing chondromalacia and osteoarthritis" ([Filing No. 7-15 at 17](#)–23). The ALJ was required to assess the supportability of Dr. Patrick's opinion, and her failure to do so warrants remand. 20 C.F.R. § 404.1520c(b)(2).

Plaintiff next argues that the ALJ erred by not considering Dr. Patrick's treating relationship with Plaintiff, but the Court disagrees. Although a physician's treating relationship with the claimant should be considered by the ALJ, *id.* § 404.1520c(c)(3)–(5), the ALJ was not required to expressly discuss her consideration of that factor. Further, the ALJ did note that "Dr. Patrick has had a treating relationship with the claimant" in assessing his opinion. The Court also concurs with the Magistrate Judges detailed analysis and finding that the ALJ did not commit several legal errors concerning whether the ALJ's decision was supported by substantial evidence; and finds no errors in the vocational expert's opinions.

The ALJ's decision must still be remanded, however, because the ALJ inadequately addressed the consistency and supportability of Dr. Patrick's opinion. Because this objection is dispositive, the Court need not address Plaintiff's remaining objections to the Report and Recommendation.

## IV.     CONCLUSION

For the reasons set forth above, the Court **SUSTAINS** Plaintiff's objection as to the ALJ's evaluation of Dr. Patrick's opinion and **OVERRULES** her remaining objections. The final decision of the Commissioner is **REMANDED** for further proceedings as authorized by Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED**.

Date:   09/27/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

8

DISTRIBUTION:

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Lu Han
Social Security Administration
lu.han@ssa.gov