## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| MICHELLE VAN ULZEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00897-TWP-KMB |
| | ) | |
| MARTIN O'MALLEY Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON PLAINTIFF'S PETITION FOR ATTORNEY FEES
## UNDER THE EQUAL ACCESS TO JUSTICE ACT

This matter is before the Court on a Petition for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") filed by counsel for Plaintiff Michelle Van Ulzen ("Van Ulzen") (Filing No. 21).  On July 29, 2020, and August 18, 2020, Van Ulzen filed applications for Disability Insurance Benefits and Supplemental Security Income, respectively (Filing No. 1 at 2).  Her claims were denied initially, on reconsideration, and again after a hearing by the Administrative Law Judge ("ALJ").  The Appeals Council affirmed the ALJ's denial decision on review.  The Magistrate Judge affirmed the ALJ's denial decision in her Report and Recommendation (Filing No. 15).  Van Ulzen objected to the Magistrate Judge's Report and Recommendation (Filing No. 16), and the Court sustained her objections in part (Filing No. 19).  The Court therefore reversed the Commissioner's denial decision and remanded Van Ulzen's case for further proceedings (Filing No. 20).  Van Ulzen's counsel ("Counsel") now petitions for an award of attorney fees pursuant to the EAJA (Filing No. 21).  For the reasons discussed below, the Petition for Attorney Fees under the EAJA is **granted**.

## I.     LEGAL STANDARD

Under 28 U.S.C. § 2412(d)(1)(A), the EAJA allows the award of fees in "any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action." Fees may be awarded under the EAJA where "(1) the claimant is a 'prevailing party'; (2) the government was not substantially justified; (3) no 'special circumstances make an award unjust'; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement." *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004).

Only reasonably billed hours may be included in an award of attorney fees under the EAJA. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983). In exercising its discretion in determining whether requested hours have been reasonably billed, a court should consider a number of factors, including the size and complexity of the case, the staffing particulars, and the quality of outcome for the party. *Id*. at 434–37. As well, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 434. The applicant for fees bears the burden of submitting evidence which adequately justifies the number of hours claimed. *Id*. at 433. Additionally, in determining the amount to be awarded, courts "must exclude hours that were not reasonably expended and may reduce the award accordingly." *Tchemkaou v. Mukasey*, 517 F.3d 506, 509 (7th Cir. 2008).

## II.     DISCUSSION

Counsel contends that she has satisfied all the elements required under the EAJA: Van Ulzen was the prevailing party, the Commissioner's position was not substantially justified, no special circumstances exist that would make an award unjust, and her application was filed timely. Counsel requests an EAJA attorney fee award in the total amount of $15,861.53 to be paid directly to Counsel, pursuant to the written assignment signed by Van Ulzen. (Filing No. 26; Filing No.

21-1.)  The Commissioner argues his position was substantially justified but does not challenge the justification or the reasonableness of the hourly rate or the amount of time spent on the case. The Court will therefore discuss only the disputed element of substantial justification and will briefly address the reasonableness of the requested fees.

A.     **The Commissioner's position was not substantially justified.**

The Commissioner has the burden of establishing that his position was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 271, 724 (7th Cir. 2004).  The United States Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In *Pierce*, the court emphasized that "a position can be justified even though it is not correct . . . if it has a reasonable basis in law and fact." *Id.* at 566 n.2.  *See Mogg v. Astrue*, 266 F. App'x 470 (7th Cir. 2008).  To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation position and then makes one determination as to the entire civil action. *Bassett v. Astrue*, 641 NF.3d 857, 860 (7th Cir. 2011).

In finding that this case should be remanded, the Court noted "the ALJ improperly ignored all evidence consistent with [treating physician] Dr. Patrick's opinion" in discussing consistency and "was required to assess the supportability of Dr. Patrick's opinion, and … fail[ed] to do so…." (Filing No. 19 at 6–8).  The Court found the record to contain ample evidence supporting Dr. Patrick's opinion and Van Ulzen's argument, which the ALJ ignored.  Additionally, the Court found that the ALJ wholly failed to assess the supportability of Dr. Patrick's opinion and excluded the objective findings cited by him and consistent with his opinion.

The Commissioner opposes the fee petition on the grounds that his position was substantially justified.  The Commissioner asks the Court to take a "fresh look" from the EAJA

perspective in deciding whether the position was substantially justified ([Filing No. 25 at 2](#)–3).  The Commissioner argues he had "rational grounds for thinking he had rational grounds," that reasonable minds disagreed as to the outcome as demonstrated by the Report and Recommendation, and that the ALJ in this case committed a mere articulation error.  *Id.* at 4–14. Counsel replies that the Commissioner's position was not shown to be substantially justified, that the Commissioner improperly relies on the number of arguments on which he prevailed, and that the ALJ ignored evidence and did not commit a mere articulation error ([Filing No. 26](#)).

The Court agrees that the ALJ failed to follow 20 C.F.R. § 404.1520c in not assessing the supportability of Dr. Patrick's opinion overall and entirely ignoring all evidence consistent with his opinion. Supportability and consistency are the two most important factors required to be considered and explained by the ALJ.  When the ALJ fails to follow 20 C.F.R. § 404.1520c in analyzing medical opinions, the ALJ commits a legal error, and a position defending that error is not substantially justified.  *See Chambers v. Astrue*, No. 1:13-CV-01239-TWP, 2013 WL 2149701, at *2 (S.D. Ind. May 16, 2023) (finding that failure to "adequately apply and analyze" the 20 C.F.R. § 404.1527 factors [now 20 C.F.R. § 404.1520c] is more than an articulation error, and awarding fees under EAJA); *Watt v. Colvin*, No. 1:13-CV-01549-TWP, 2015 WL 5672611, at *4 (S.D. Ind. Sept. 25, 2015) (finding that the ALJ's failure to follow the 20 C.F.R. § 404.1527(c)(2) factors [now 20 C.F.R. § 404.1520c] was "a legal error and a failure by the ALJ to perform the required analysis[]," and granting EAJA petition); *Roddy v. Colvin*, No. 4:11-CV-00023-TWP, 2013 WL 2422637, at *3 (S.D. Ind. June 3, 2013) (finding that the ALJ not following the 20 C.F.R. § 404.1527 factors [now 20 C.F.R. § 404.1520c] is legal error, resulting in a finding that the Commissioner's position was not substantially justified, and granting EAJA petition) ("It was

unreasonable for the Commissioner to support the ALJ's failure to follow the mandate of 20 C.F.R.

§ 404.1527(c) . . . Therefore, the Commissioner's position was not substantially justified.").

The ALJ's failure to engage in the necessary analysis under 20 C.F.R. § 404.1520c was not merely a failure to articulate.  It was a legal error.  The Commissioner has failed to satisfy his burden of showing that his position had a reasonable basis in law and fact.  As such, the Court finds the Commissioner's position was not substantially justified.

**B.**     **The requested fee is reasonable.**

Hours included in attorney fees under the EAJA must be reasonable.  In this case, Counsel requests $14,757.31 for 64.1 billable attorney hours and 1.2 paralegal hours (Filing No. 21-2). Counsel argues that her fee is reasonable because of the complex, fact-sensitive, and thorough detail in the case and in their filings; is consistent with the Midwest Urban District CPI inflation adjustment; and aligns with reasonable hours in this district. (Filing No. 21-3; Filing No. 22); *see Buis v. Colvin*, No. 1:13-CV-878, 2015 WL 6393937, at *7–8 (S.D. Ind. Oct. 22, 2015).

The Commissioner does not contest the reasonableness of the fee or hours reported.  The Court agrees that the fee and hours are reasonable and Counsel is entitled to the requested fees based on the hours detailed in Filing No. 21-2.

Counsel has requested an additional $1,104.22 for 4.7 hours preparing the EAJA reply brief (Filing No. 26).  In finding that a prevailing litigant may recover the costs of litigating an EAJA fee petition, the Supreme Court has stated that

> [t]he EAJA . . . provides district courts discretion to adjust the amount of fees for various portions of the litigation . . . . The purpose and legislative history of the statute reinforce our conclusion that Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 165–66 (1990).

The Court finds that the amount of additional time expended on drafting the reply brief is reasonable, and therefore Counsel is entitled to an additional award of $1,104.22.

### III.   CONCLUSION

For the reasons stated above, the Petition for Attorney Fees under the Equal Access to Justice Act (Filing No. 21) is **GRANTED**.  Counsel is entitled to reasonable attorney fees totaling $14,757.31 for her billable time expended on this case, plus an additional award of $1,104.22 for preparing the EAJA reply brief, for a total award of **$15,861.53,** to be paid to Counsel, pursuant to the written assignment signed by Van Ulzen.

**SO ORDERED**.

Date:  8/23/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adriana Maria de la Torre
TOWER LAW GROUP
adriana@towerlawgroup.com

MARTIN O'MALLEY

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Lu Han
SOCIAL SECURITY ADMINISTRATION
lu.han@ssa.gov